**MARTIN et al. v. ROGERS et al.  (No. 2828.)**

(Court of Civil Appeals of Texas.  Texarkana.
Feb. 15, 1924.  Rehearing Denied
Feb. 28, 1924.)

**1. Trial ⬅194(10)—Instruction requiring jury to look to other than specified evidence held on weight of evidence.**

Charge on adverse possession informing jury that, in order to find "peaceable, adverse, continuous and exclusive possession" of the land, they must look to "other evidence in the case" besides that of "possession of the land and payment of taxes thereon," *held* erroneous as being on the weight of the evidence.

**2. Appeal and error ⬅1064(2)—Instruction on weight of evidence held ground for reversal in view of conflicting evidence.**

Where there was a sharp conflict in the evidence on the issue of adverse possession, a charge that the jury in order to find "peaceable, adverse, continuous and exclusive possession" must look to "other evidence in the case" besides that of "possession of the land and payment of taxes thereon," erroneous because on weight of evidence, *held* ground for reversal.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Action by Chas. Martin and others against Mat Rogers and others.  Judgment for defendants, and plaintiffs appeal.  Reversed and remanded.

The action is in trespass to try title to certain lands and for partition of the same. It appears that J. M. Rogers, Sr., and his wife, Elizabeth Rogers, were the owners of about 198 acres of land.  It was their homestead and was community property between them.  Elizabeth Rogers died intestate in 1884, leaving surviving her the six children, Mat, Louis, John, Ella, Margarite, and Polly, all of age at the time.  Very shortly after the death of Elizabeth Rogers her six children and· her surviving husband, J. M. Rogers, Sr., agreed upon and made a partition of the land.  In the partition the father received the south one-half of the tract, and the children jointly received the north one-half, which was about 99 acres, in the J. W. Green survey.  Thereafter the daughter Margarite by deed conveyed her undivided interest in the north half of the tract to her brothers John M. Rogers, Jr., and Mat Rogers. Louis Rogers and his sister Polly by deed conveyed their undivided interest in the north half of the tract to their brother Mat Rogers.  The daughter Ella Rogers never disposed of her interest.  John M. Rogers, Sr., died intestate in 1905.  On December 20, 1908, the son John M. Rogers, Jr., died intestate, leaving as his heirs his brothers and sisters.  He had never married.  His sister Polly died intestate in 1914, leaving one child, Mrs. Lena Hays.  In 1911 the sister Margarite died intestate, leaving her husband C. D. Martin and her children Bob, Douglass, Arthur, Mary Wilson, and Lula Robertson.  Mary Wilson died intestate in 1911 leaving. four minor children.  Lula Robertson died intestate in 1915,. leaving three minor children.  The sister Ella Rogers died intestate March 9, 1921.  She had never married.

The defendants in the case are Mat Rogers, Louis Rogers, and Mrs. Lena Hays.  The heirs of J. L. Temple are made defendants, as owners by purchase of an interest under Mat Rogers.  The plaintiffs are claiming as heirs of John M. Rogers, Jr., deceased.  They claimed that at the time John M. Rogers, Jr., died he had an interest in the south half of the tract, and that he had a deed from Mat Rogers and owned in fee simple an entire north half of 99 acres.  They also claimed that John M. Rogers, Jr., had acquired title to the entire north one-half of 99 acres under the statutes of limitation of both five and ten years.  The defendant Mat Rogers answered and admitted the claim of plaintiffs so far as pertains to the south one-half of the tract formerly partitioned to J. M. Rogers, Sr., but as to the 99 acres on the north one-half of the tract he denied that John M. Rogers, Jr., was the owner in full thereof by purchase or under limitation title. The case was tried before a jury upon the two issues made.  The two issues were: (1) Whether or not Mat Rogers, executed and delivered a deed to John M. Rogers, Jr., of his interest in the north half, or 99 acres; and (2) whether or not John M. Rogers, Jr., acquired title to the 99 acres by adverse pos-

session under the ten years' statute of limitation. The jury answered each question, "No."

T. C. Hutchings, of Mt. Pleasant, for appellants.

J. A. Ward and S. P. Pounders, both of Mt. Pleasant, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] The controversy in the case is entirely that of whether or not John M. Rogers, Jr., owned the 99 acres, or the north one-half of the homestead, by a deed and by limitation. If he did not own the entire tract of 99 acres, then each party to the suit would be entitled to receive the proportion of the land admitted and agreed to by such parties. The point made on appeal is that the court erred in giving the defendants' special charge No. 2. The charge complained of in effect informed the jury that in order to find "peaceable, adverse, continuous and exclusive possession" of the land on the part of John M. Rogers, Jr., they must look to "other evidence in the case" besides that of "possession of the land and payment of taxes thereon." The charge, as framed, is on the weight of the evidence, and in view of the sharp conflict in the evidence was prejudicial, requiring the reversal of the judgment.

The objections made to certain evidence is not passed upon, since upon another trial the assigned errors may not occur.

Reversed and remanded.